THOMAS TINSLEY, Appellant, *v.* ELBERT S. JEMISON, Respondent.

*Dismissal of appeal — that a judgment was smaller than was demanded does not constitute an estoppel to prosecute an appeal in another action.*

Upon a motion made by the defendant respondent in an action to dismiss an appeal, it appeared that the action was brought to set aside a contract relating to certain municipal obligations, in which the plaintiff was defeated at Special Term, from the judgment rendered at which he appealed; that, in a prior suit between the same parties in the Circuit Court of the United States, brought by the present defendant, with others, against the present plaintiff for a breach of the same contract, the present defendant recovered a verdict against the present plaintiff; that this recovery was less favorable than that which the present defendant (plaintiff in the United States court) had demanded, for the reason that the jury in the Federal court were directed to deduct from their award the value of certain securities which the present plaintiff (defendant in the United States court) had delivered under the contract.

It was contended by the defendant upon this appeal that the fact that the present plaintiff had succeeded in reducing the claim made against him in the action in the Federal court constituted an affirmation of the contract, which estopped him from prosecuting his present appeal.

*Held,* that this position was untenable;

That the fact that the judgment in the action in the Federal court was smaller than was demanded, did not make the judgment a bar to, or a waiver of the prosecution of the present appeal, nor did it in any manner constitute an estoppel.

MOTION by the respondent, Elbert S. Jemison, to dismiss an appeal pending before the Appellate Division of the Supreme Court for the second judicial department.

*John L. Hill,* for the motion.

*Frederic A. Ward,* opposed.

WILLARD BARTLETT, J.:

This motion is not based upon any occurrence in the present action, but arises out of the proceedings which have been had in the Circuit Court of the United States in a suit subsequently brought to trial between the same parties. In the present action the plaintiff sought to set aside a certain contract relating to securities or obligations of the city of Houston, in Texas. He was unsuccessful at Special Term and has taken the appeal which we are now asked to dismiss. In the suit in the Federal court the defendant herein,

together with others, sought to recover damages against Tinsley for a breach of the same contract and obtained a verdict against him. That recovery, however, was smaller than it otherwise would have been, because the court, in fixing the measure of damages, was more favorable to Tinsley than Jemison and his associate plaintiffs in that case seem to have desired, and directed the jury to deduct from their award the value of certain securities which Tinsley had delivered under the contract.

The contention in Jemison's behalf now is that by reason of this reduction of damages against him in the suit on the contract in the Federal court Tinsley has affirmed the contract and is precluded from prosecuting the present appeal.

We do not see how this position can be sustained. A man does not affirm a contract because, while denying any liability thereunder, he also insists that, if a court shall nevertheless determine that he is liable, the measure of his liability is limited. The judgment in the Federal court, however small, was recovered in spite of Tinsley's opposition and against his will. Indeed, it appears that the reduction in damages was wholly due to the action of the United States Circuit judge, without any request or suggestion on the part of Tinsley or his counsel. The judgment, therefore, cannot be deemed beneficial or favorable to him in any such sense as to constitute an estoppel, a waiver or a bar with reference to the prosecution of the present appeal, simply because the amount of the recovery against him was kept down by the court beyond the expectation or wish of those who sued him. His attitude in the Federal court, no less than his attitude in the State court, has been hostile to the contract which gave rise to both litigations. He has failed thus far to annul that contract or successfully resist its enforcement; but there is nothing before us to show that he has done anything to estop him from continuing his efforts in either direction by way of appeal.

The case of *Ripley* v. *Ætna Ins. Co.* (30 N. Y. 136, 164), cited in the brief of the respondent, does not seem to have any application to the question involved.

The motion to dismiss the appeal must be denied, with costs.

All concurred, except CULLEN, J., not sitting.

Motion to dismiss appeal denied, with ten dollars costs.