In re MITCHELL et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. ATTORNEY AND CLIENT—SUBSTITUTION OF ATTORNEY—RIGHT TO FEES.
    Where a client exercises his absolute right to change his attorney, who has been free from any misconduct, the court, in ordering a substitution, will protect the attorney as to his fees by directing a substitution only on their payment or giving of security therefor.

2. SAME—REVERSAL.
    Where, on an appeal from an order denying a motion for the substitution of attorneys who have been guilty of no misconduct, there is no affidavit showing the amount of the attorneys' claim, the cause on reversal will be remitted to special term to ascertain, by reference or otherwise, the amount of the attorneys' fees.

Appeal from special term, Kings county.

Application of Charles L. Mitchell and another, individually and as executors of the will of John Mitchell, deceased, and Rebecca Mitchell, widow of the deceased, for leave to sell decedent's realty. From an order denying their motion for the substitution of attorneys, petitioners appeal. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

Robert L. Redfield, for appellants.

GOODRICH, P. J. In proceedings for leave to sell real property the petitioners had retained John L. Linehan, Esq., as their attorney. They were desirous of substituting other attorneys in his place, and made a motion for such substitution without alleging any misconduct on his part. The court denied the motion, and the petitioners appeal. In their brief they cite well-known authorities which declare the absolute right of clients to change their attorneys at their pleasure. There is a distinction between cases where a motion of this character is based on the misconduct of the attorney and cases where the client seeks to exercise his absolute right to change his attorney. In the former case the court may direct an unconditional substitution, and leave the attorney to an action for his fees. In the latter case the court will see that the attorney is protected. In re Prospect Ave., 85 Hun, 257, 32 N. Y. Supp. 1013; In re Lexington Ave. (No. 1) 30 App. Div. 602, 52 N. Y. Supp. 203; Barkley v. Railroad Co., 35 App. Div. 167, 54 N. Y. Supp. 970. The case at bar falls within the latter category, but, as there are no affidavits showing the amount of the attorney's claim, we are of opinion that the matter should be remitted to the special term for the purpose of ascertaining, by reference or otherwise, the amount of Mr. Linehan's fees, and directing a substitution upon the payment of such amount, or the giving of security therefor in such manner and at such time as the court shall consider proper.

The order should be reversed, with $10 costs and disbursements, and the proceeding remitted to the special term for disposition in accordance with this opinion. All concur.