In the Matter of the Application of the DEPARTMENT OF PUBLIC WORKS OF THE CITY OF NEW YORK, Relative to Acquiring Title to Certain Pieces of Land for the Purpose of the Construction of the Jerome Avenue Approach to the New Macomb's Dam Bridge.

EUPHEMIA A. HAWES, as Executrix of GRANVILLE P. HAWES, Deceased, et al., Appellants; MARY HYNES, Respondent.

ATTORNEY AND CLIENT — WHEN AGREEMENT FOR COMPENSATION PREVENTS RECOVERY FOR SERVICES UPON A QUANTUM MERUIT. A written agreement by an owner to pay an attorney a specified percentage of any award to be obtained in a condemnation proceeding in full for his services to be rendered therein, in which proceeding by reason of his death another attorney who agreed to act on the same terms was substituted by an order of the court providing that the amount specified should be paid into court and retained until the determination of the amount of compensation due him and the estate of the deceased attorney, that a lien therefor should attach, that if the amount were not paid upon the confirmation of the report of the commissioners, a referee might be appointed to determine the amount of compensation due under the respective agreements, confines the referee to apportioning the lien to the amount paid into court and he cannot ignore the agreements and ascertain upon proofs offered the amount due on a *quantum meruit*.

*Matter of Dept. of Public Works*, 58 App. Div. 459, modified.

(Argued June 6, 1901; decided June 14, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April

2, 1901, which reversed a final order of Special Term entered upon the report of a referee, adjudging that the appellants herein recover from the respondent certain sums of money.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Barclay E. V. McCarty* and *Jared G. Baldwin, Jr.,* for appellants. The final order entered in the original court on the referee's report, in strict conformity with the express directions contained in the order of reference, became binding and conclusive upon the respondent accordingly. (*Baird* v. *Mayor, etc.,* 74 N. Y. 382; *Matter of N. Y., L. & W. R. R. Co.,* 98 N. Y. 447; *Sentenis* v. *Ladew,* 140 N. Y. 463; *Brady* v. *Nally,* 151 N. Y. 258; *Cowenhoven* v. *Ball,* 118 N. Y. 231; *Bloom* v. *N. U. B. S. & L. Co.,* 152 N. Y. 114; *R. H. L. & I. Co.* v. *Burrowes,* 22 App. Div. 540; *Fisher* v. *Hepburn,* 48 N. Y. 41; *Mayor, etc.,* v. *M. Ry. Co.,* 143 N. Y. 1; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.,* 105 N. Y. 319.) The provisions of the order of reference constituted the law of this controversy touching all questions of jurisdiction and of procedure; and the final order, subsequently entered on the referee's decision, was made and entered in strict conformity with the explicit directions contained in the order of reference. (*Reese* v. *Smyth,* 95 N. Y. 645; *Wetmore* v. *Wetmore,* 162 N.Y. 503; *People ex rel.* v. *Barker,* 152 N. Y. 417.) The order of reference provided, in effect, that the referee to hear and determine should determine the amounts due, irrespective of the percentage rate originally designated in the repudiated agreements. (21 Am. & Eng. Ency. of Law, 296; *Hitchings* v. *Van Brunt,* 38 N. Y. 335; *Solomon* v. *Vallette,* 152 N. Y. 147; *Cowenhoven* v. *Ball,* 118 N. Y. 235; *Baird* v. *Mayor, etc.,* 74 N. Y. 385; *Morehouse* v. *S. Nat. Bank,* 98 N. Y. 503.)

*Joseph A. Flannery* and *John J. Hynes* for respondent. This was a special proceeding to determine the attorneys' lien on the sum of $640.22 retained from Mrs. Hynes' award in

pursuance of the order of this court, dated August 6, 1894.
Such was the scope and extent of the whole proceeding, and
the appellants were at the utmost entitled to no other relief
herein, except a determination that they are entitled to the
whole of said sum so retained in court. (*Matter of Lexington Ave.* [No. 2], 30 App. Div. 609.)   There was no waiver
of her rights by Mrs. Hynes, and no consent by her to the
determination of the question of her personal liability to the
attorneys.   There was nothing in the order of substitution or the order of reference which she opposed on which
to predicate a consent to the determination of her liability on a *quantum meruit.*   (*Matter of Lexington Ave.*
[No. 1], 30 App. Div. 602 ; 157 N. Y. 678 ; *Read* v. *Lozin,*
31 Hun, 288 ; *Brown* v. *Mayor, etc.,* 9 Hun, 590 ; *Ripley* v.
*A. Ins. Co.,* 30 N. Y. 164 ; *Underwood* v. *F. J. S. Ins. Co.,*
57 N. Y. 505 ; *Shapley* v. *Abbott,* 42 N. Y. 448 ; *Myers* v.
*Bolton,* 157 N. Y. 393 ; *Jones* v. *Jones,* 108 N. Y. 425 ; *W.
F. & Co.* v. *W. C. & P. C. R. R. Co.,* 12 App. Div. 47.)
The measure of damages applied by the referee was erroneous.   The appellants were entitled at most to the measure of
compensation fixed by the contract. (*Ludlow* v. *Dole,* 62
N. Y. 617 ; *Farron* v. *Sherwood,* 17 N. Y. 227 ; *Marsh* v.
*Holbrook,* 3 Abb. Ct. App. Dec. 176 ; *Kersey* v. *Garton,* 77
Mo. 645 ; *Myers* v. *Crockett,* 14 Tex. 257 ; *Clark* v. *Mayor,
etc.,* 4 N. Y. 338 ; 5 Am. & Eng. Ency. of Law, 35 ; Sedg.
on Dam. §§ 664, 669.)

*Per Curiam.*   The respondent, Mary Hynes, was the owner
of property taken in laying out Jerome avenue.   On the 17th
of May, 1893, she entered into a written contract with one
Granville P. Hawes as her counsel to pay him for his services
three per cent of any and all sums awarded to her for property
taken, the sum to be in full for his services.   It was further
agreed that counsel should be paid nothing in case of failure
to obtain award.

On the 29th of December, 1893, Granville P. Hawes died,
and his partner, Barclay E. V. McCarty, took his place under

an agreement with Mrs. Hynes to act on the same terms as formerly existed between her and said Hawes, and he was duly substituted as her attorney on the 16th day of January, 1894.

On the 6th day of August, 1894, George W. Dease was substituted as the attorney for Mrs. Hynes in the place of McCarty and with his consent.

On the 13th day of June, 1895, the report of the commissioners was duly confirmed, awarding Mrs. Hynes the sum of $21,340.90 for property taken. Three per cent of this sum is $640.22, and when the city paid Mrs. Hynes her award this latter amount was retained in order to protect the lien of the estate of Mr. Hawes and the lien of Mr. McCarty. The amount was paid into court in pursuance of its order, which directed that it was not to be paid over to Mrs. Hynes until the determination of the amount of compensation for services rendered to her due to McCarty and the estate of Hawes.

It was further ordered that a lien upon the amount so retained should exist in favor of the estate of Hawes and McCarty. It was further ordered that the estate of Hawes and the said McCarty should have a lien on the amount so retained under the agreements with Mrs. Hynes. It was also ordered that in case compensation was not paid to McCarty and the estate of Hawes upon the confirmation of the report of the commissioners, that application might be made for the appointment of a referee to hear and determine the amount due McCarty and the estate of Hawes for services rendered under their respective agreements.

In pursuance of this order a referee was appointed, and instead of limiting the inquiry to what portion of the three per cent was due to the estate of Hawes and to McCarty respectively, the referee held that he was at liberty to ascertain upon proofs offered the amount due the estate of Hawes and McCarty on a *quantum meruit.* In his report he found that the estate of Hawes recover $740.40; that McCarty recover the sum of $2,961.57, and that McCarty and the estate of Hawes recover the sum of of $1,329.80 costs and disburse-

ments.   Judgment was ordered against Mrs. Hynes for the aggregate of these amounts.

The learned Appellate Division reversed the order entered and docketed herein, with costs in that court and the court below to said Mary Hynes.

We agree with the Appellate Division that the referee was confined to apportioning the lien of the estate of Hawes and the claim of McCarty to the fund paid into court, but are of opinion that a final disposition should be made of a litigation which in its scope is entirely unauthorized.

The order of the Appellate Division and the adjudication entered thereon taxing costs at the sum of $448.43 in favor of Mary Hynes is modified so as to establish the lien of the estate of Hawes and Barclay E. V. McCarty upon the fund paid into court, and directing that the whole thereof, to wit, $640.22, be paid to them, less the costs so adjudged therein to be due to Mary Hynes, which sum must be paid to her, and as thus modified the order and adjudication thereon is affirmed without costs of this appeal to either party.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, LANDON, CULLEN and WERNER, JJ., concur.

Ordered accordingly.