In the Matter of the Application of the DEPARTMENT OF PUBLIC WORKS, on Behalf of the Mayor, Aldermen and Commonalty of the City of New York, to Acquire Title for the Purpose of Constructing the Jerome Avenue Approach to the New Macomb's Dam Bridge.

MARY HYNES, Appellant; EUPHEMIA A. HAWES, as Executrix, etc., of GRANVILLE P. HAWES, Deceased, and BARCLAY E. V. McCARTY, Respondents.

*Eminent domain — agreement by an owner to pay a percentage of the award to an attorney — what is not an abandonment thereof — right to a jury trial.*

Mary Hynes employed one Hawes, an attorney, to represent her in a condemnation proceeding under a written contract, by which she agreed to pay him "3 per cent of any and all sums awarded to me, the same being in full for all services so rendered." Hawes having died before the proceeding was concluded, one McCarty was substituted upon the same terms, "it being distinctly understood that the said compensation shall include both the amount due the estate of said Granville P. Hawes and the amount due to said Barclay E. V. McCarty in full for all services, the same to be adjusted between said estate and said McCarty as between themselves." Thereafter a dispute arose

between Mrs. Hynes and McCarty as a result of which another attorney was substituted by consent, the order of substitution providing that three per cent of the award made to Mrs. Hynes should be retained by the city, and not paid to her until the determination of the amount due to McCarty and the estate of Hawes, "for which said amount of compensation it is further ordered that the said estate of Granville P. Hawes and the said Barclay E. V. McCarty shall have and hereby have a lien upon the said amount so retained under the agreements made with the said Mary Hynes."

Subsequently an award was made to Mrs. Hynes, and three per cent thereof was retained pursuant to the order of substitution. A controversy arising as to the amount to which McCarty and the executrix of Hawes were entitled, an order of reference was made directing the referee to ascertain the amount due for the services rendered by Hawes and McCarty "under their respective retainers," and that the amounts so found due should "respectively continue to be liens upon the amount retained by the said comptroller," until they should be paid, and that the referee should state separately the amount due to the estate of Hawes and the amount due to McCarty, and that upon the filing of his report an order should be made directing the payment of these sums.

*Held,* that the order of substitution and the order of reference did not operate as an abandonment of the written contracts between the parties, and entitle the attorneys to have the full value of their services fixed as upon a *quantum meruit,* without reference to the contract or to the lien upon the award;

That if the attorneys claimed that there had been a breach of their contracts, and that they were entitled to compensation for the value of their services without regard to the amounts which they were to receive under the contracts, they should bring an action at law in which Mrs. Hynes would have the right to a trial by jury, and that a personal liability on the part of Mrs. Hynes could not be established on the reference.

APPEAL by Mary Hynes from a final order of the Supreme Court, entered in the office of the clerk of the county of New York on the 7th day of March, 1900, upon the report of a referee in a special proceeding directing that certain money deposited with the comptroller of the city of New York, awarded to the appellant in a condemnation proceeding, be paid to the respondents.

*Joseph A. Flannery,* for the appellant.

*Barclay E. V. McCarty,* for the respondents.

RUMSEY, J.:

On the 17th of May, 1893, certain lands belonging to the appellant were about to be taken by the city of New York for the construction of the Jerome avenue approach of the new Macomb dam bridge. In view of that fact, Mrs. Hynes, the appellant, made a

contract with one Hawes by which he agreed to take proper proceedings to procure an award for the land, and she agreed to pay him for his services " 3 per cent of any and all sums awarded to me, the same being in full for all services so rendered." It was agreed by Hawes that he should be paid nothing for his services in case he failed to obtain an award. He entered upon the performance of his contract, and some testimony had been taken on behalf of Mrs. Hynes when Hawes died on the 28th of December, 1893, while the proceedings were still pending and before any award had been made. After that occurrence Mrs. Hynes made a contract with the respondent McCarty, by which he agreed to represent her interests as her attorney in the place of Hawes, the retainer to be upon the same terms as existed between herself and Hawes, " but it being distinctly. understood that the said compensation shall include both the amount due the estate of said Granville P. Hawes and the amount due to said Barclay E. V. McCarty in full for all services, the same to be adjusted between said estate and said McCarty as between themselves." McCarty was substituted in the place of Hawes as attorney and performed some services with respect to the matter, but before the proceedings were finally completed and before any award had been made a dispute arose between Mrs. Hynes and McCarty, as a result of which McCarty agreed that another attorney should be substituted in his place, and, accordingly, in pursuance of that agreement, an order of substitution was made by consent on the 6th of August, 1894. By that order it was provided that three per cent of the award made to Mrs. Hynes should be retained by the city, and not paid to her until the determination of the amount of the compensation for the services rendered her due to McCarty and the estate of Hawes, " for which said amount of compensation it is further ordered that the said estate of Granville P. Hawes and the said Barclay E. V. McCarty shall have and hereby have a lien upon the said amount so retained under the agreements made with the said Mary Hynes; " and it was further ordered that in case the compensation was not paid to McCarty or the estate of Hawes upon the confirmation of the report of the commissioners, they might apply for the appointment of a referee to hear and determine the amount of compensation due to them for the services rendered under their agreements, and " that the amount so found due shall be a lien upon

the amount so retained." At that time the award had not been made, and it was not made until some time in 1895, and it was confirmed on the thirteenth of June of that year, so that it is undisputed that neither Hawes nor McCarty ever procured any award to be made in this proceeding, and that it was in fact obtained long after either of them had ceased to be the attorney for Mrs. Hynes. The amount of the award was paid over to her, less the sum of $840.22, which was three per cent on the award, and that was retained according to the directions of the order of substitution. Some dispute arose after the award had been made as to the amount which Mrs. Hynes should pay to Hawes and McCarty under their agreements, the executrix of Hawes and McCarty, as it would seem, claiming that they were to be paid more than the three per cent which was retained pursuant to the order of substitution, and Mrs. Hynes claiming that they were not entitled to receive more than that; and in April, 1896, she made an offer that they should retain the sum of $400 and no more in full compensation for both Hawes' and McCarty's services, but upon the condition that the lien should be discharged; but this offer was refused. Thereupon, upon the motion of McCarty, an order of reference was made.

That order recites that it was made upon the motion of McCarty and that the attorney for Mrs. Hynes was heard in opposition, and it appears from the papers that she filed an affidavit giving reasons why the order should not be granted. The order directed that the referee should ascertain the amount due for the services rendered by Hawes and McCarty " under their respective retainers," and that " the amounts so found due shall respectively continue to be liens upon the amount retained by the said Comptroller " until they should be paid. It was further directed that the referee should state separately in his report the amount due to the estate of Hawes and the amount due to McCarty, and that upon the filing of his report an order should be made directing the payment of those sums.

After evidence had been given by the claimants as to the services performed by them, expert witnesses were called for the purpose of showing the value of the services rendered, without regard to the contract between themselves and Mrs. Hynes. This was objected to upon the ground that the only liability of Mrs. Hynes to either of these gentlemen existed by virtue of their written

contracts, and that the order of reference was confined to fixing the liability under the liens only, and there was no authority in the referee to go any further. The claimants insist, however, that as a necessary result of the order of substitution and the order of reference the written contracts between the parties had been abandoned, and they were entitled to have the full value of their services fixed as upon a *quantum meruit*, without reference to the contracts and without reference to the lien upon the award. The referee adopted their contention, and testimony having been given as to the value of their services, he made a report in which he found that the reasonable value of the services rendered by Hawes was $555.23; the reasonable value of the services rendered by McCarty was $2,220.90, and directed that a personal judgment should be entered against Mrs. Hynes for these amounts, together with the costs, which were taxed at $1,329.80. From the final order to this effect this appeal is taken.

The respondents insist that when the court was asked to enter an order of substitution of attorneys it had the right to fix the terms upon which that order would be granted, and if it saw fit, as a part of of these terms, to require payment by a party of the compensation to her attorney then earned, it had the power to send it to a referee to fix the amount to be paid. This contention is correct. (*Matter of Mitchell*, 57 App. Div. 22; *Philadelphia* v. *Postal Tel. Cable Co.*, 1 id. 387; *Yuengling* v. *Betz*, 58 id. 8.) That was consented to by Mrs. Hynes upon the entry of the order of substitution, but that order went no further than to require the payment to Hawes and McCarty of so much of the agreed compensation, consisting of three per cent, which was to be retained by the city of New York until their lien upon that amount should be ascertained, and the only direction in that order was that if there was any dispute about it the referee should fix the amount, which should be a lien upon the amount so retained.

This order was undoubtedly made upon the theory that Hawes and McCarty were entitled to that proportion of the compensation fixed in the contract which they had earned up to that time, and the court undoubtedly intended that if a referee should be appointed he should ascertain how much of that amount they should have as their compensation, and as a result of his determination it was

expressly directed that the amount found due by him should be a lien upon the sum so retained. If that had been the extent of the finding of the referee no question could have arisen, because there could be no doubt as to the jurisdiction of the court to make that requirement. But when the respondents undertook to claim that there had been a breach of their contracts, and that they were entitled to compensation for the value of their services rendered without regard to the amount they were to receive under their contracts, they went beyond the terms of the order of substitution and put themselves in a position of attempting to recover from Mrs. Hynes a debt for services rendered as to which they had no lien under the order of substitution. The court had no jurisdiction with respect to that matter to fix that compensation in an order of reference, but the claimants must recover, if at all, in an action at law in which the defendant would have the right to a trial by jury as to all the facts. This matter has been so recently decided in this court in *Matter of Lexington Avenue* (30 App. Div. 602; affd., 157 N. Y. 678) that any further discussion is entirely unnecessary.

As the final order here did not fix the compensation to which Hawes and McCarty were entitled out of the amount retained by the city, but established a personal liability against the appellant, it cannot be sustained and must be reversed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with costs.