## In re JEROME AVE.

### HAWES v. HYNES.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. COSTS—SPECIAL PROCEEDING—DISBURSEMENTS.
    Under Code Civ. Proc. § 3240, providing that costs in a special proceeding, when not specially regulated, may be awarded as in an action, and section 3256, providing that a party to whom costs are awarded is entitled to include his disbursements, on an appeal in an application to acquire title to an approach to a bridge an order of reversal, with costs as in an action, entitled the appellant therein to tax costs, including disbursements.

2. SAME.
    Where the court of appeals has affirmed a judgment, including the taxation of costs therein, and directed that such costs be paid, the appellate division, on appeal from an order denying a retaxation, cannot direct otherwise, even if such order were reviewable.

Appeal from special term, New York county.

Condemnation proceedings to acquire title to the Jerome avenue approach to the New Macomb's Dam Bridge, etc. Action by Euphemis A. Hawes, as executrix of the estate of G. P. Hawes, deceased, and another, against Mary Hynes. From an order denying an application to retax costs, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Barclay E. V. McCarty, for appellants.
John J. Hynes, for respondent.

PER CURIAM. This appeal is from an order denying a motion to retax the costs. The costs taxed were in a special proceeding, and, of course, the right thereto not being specially regulated by the Code, the court had the power to award costs at the rate allowed for similar services in an action. Section 3240. This is what it did on the former appeal when it reversed the order there appealed from (In re Department of Public Works, 58 App. Div. 459, 69 N. Y. Supp. 413), and the award of costs included disbursements (section 3256).

The order on the former appeal, having been reversed with costs as in an action, entitled the present respondent to tax costs in the

¶ 1. See Eminent Domain, vol. 18, Cent. Dig. §§ 690, 692.

proceeding, including disbursements, precisely in the same way and to the same extent that she would have been entitled to have taxed them had it been an action instead of a special proceeding, and it would seem that this is what was done; but, whether it was or not, we do not think that question can now be reviewed by us. After the reversal by this court, the present respondent proceeded to tax her costs and disbursements in the proceeding, and the same were adjusted by the clerk at $448.43, and after this adjustment an appeal was taken to the court of appeals from the order of reversal by this court, which appeal, it seems, included taxation of costs, because the court of appeals directed that the amount taxed, viz., $448.43, be paid by the appellants to the respondent. In re Department of Public Works of City of New York, 167 N. Y. 501, 60 N. E. 781. The court of appeals having directed that this payment be made, we do not think this court could direct otherwise, even if the order denying the motion to retax were open for review.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements.