HARRY M. SPENCE, Respondent, *v.* ALBRECHT J. BODE and
ALBERT H. GIESCHEN, as Executors of HENRY GIESCHEN,
· Deceased, Appellants.

(Supreme Court, Appellate Term, February, 1908.)

Attorney and client — The relation with the client — Compensation —
Contracts for compensation — Interpretation — Disbursements.

> A contract to pay a certain sum to an attorney as compensa-
> tion for his services does not, in the absence of any agreement
> to the contrary, impose upon him the burden of assuming the
> disbursements necessarily made in -his client's behalf, and the at-
> torney may by suit recover the amount of his disbursements
> after the agreed compensation for his services has been paid.

APPEAL by the defendants from a judgment in favor of
the plaintiff, rendered in the Municipal Court of the city of
New York, first district, borough of Manhattan, upon an
agreed statement of facts.

Miller & Bretzfelder, for appellants.

Olcott, Gruber, Bonynge & McManus, for respondent.

SEABURY, J.    This is an appeal by the defendants from a
judgment rendered in favor of the plaintiff.    The judgment
was entered upon the decision of a justice, upon the sub-
mission of an agreed state of facts.    The decision of the
case turns upon whether, under the following clause in the
contract between the plaintiff's assignors and the defendants'
testator, the plaintiff's assignors were entitled to recover for
disbursements necessarily incurred in their client's behalf.
The clause referred to is as follows: " We, the undersigned,
jointly and severally hereby hire and employ Black, Olcott,
Gruber & Bonynge to recover damages sustained by us
and for which the State of New York may be liable, arising

out of the Park Avenue improvement affecting real estate owned by us, *and for their services we hereby agree to pay them one third of any and all sums recovered for such damages.*"

The agreed statement of facts shows that the plaintiff's assignors were attorneys and counsellors at law; that, after making the contract referred to, they rendered services for their clients which resulted in an award being made to them from the State. One-third of the sum recovered for the defendants' testator amounted to $399.18, which has been paid into court and is concededly due to the plaintiff. The plaintiff's assignors incurred disbursements in prosecuting the claims of a number of claimants, and the proportionate part of the disbursements incurred in collecting the claim of the defendants' testator amounts to $94. This action is brought to recover that amount. The agreement between the plaintiff's assignors and the defendants' testator related exclusively to the compensation to be paid for legal services to be rendered. It did not refer, in terms or in fact, to the payment of disbursements to be incurred. Nor did it contain any agreement by the attorneys to advance or pay the disbursements which might necessarily be incurred. The fact that an attorney makes an agreement with a client to render certain legal services for a specified amount does not imply that the attorney is to pay disbursements that may be made, without reimbursement, nor is there any implied promise on the part of the attorney to make such disbursements as may be necessary, merely for the compensation agreed to be paid for his legal services. Indeed, the implication is directly to the contrary. The services rendered and the compensation therefor are distinct from the disbursements incurred; and, in the absence of any agreement to the contrary, the contract to pay a certain sum to an attorney for compensation for his legal services does not impose upon the attorney the burden of assuming the disbursements which are necessarily made in the client's behalf. In view of the relation which exists between an attorney and client, and the clause in the agreement that was made which distinctly provides that one-third of any recovery that may be had shall be paid the attorneys

" for their services," we think it clear that the attorneys were entitled to recover their disbursements in addition to their compensation for services rendered. The fair construction to be placed upon this agreement is that it means what it says, viz.: That the sum therein specified was to be paid to the attorneys, not for services and disbursements, but " for their legal services." In Badger v. Celler, 41 App. Div. 599, Mr. Justice Ingraham, said: " The question of the disbursements necessarily incurred by the attorney in the prosecution of the claim stands upon a different basis. It was not a part of the agreement that the attorney should pay such disbursements. In fact, such an agreement, if made, would have been void. The submission states that Badger was retained to institute these proceedings; that under such retainer and on behalf of the defendant he commenced an action against the Manhattan Railway Company and prosecuted the same until his further services were rendered impossible because of his death. The necessary disbursements incurred in such an action were made on behalf of the defendant, and for that the client would be responsible to his attorney. The obligation to repay such disbursements was not conditional upon success the action. The disbursements were made by an attorney on account of his client in the prosecution of an action which he was retained to prosecute. It is expressly stated that the disbursements made by Badger were necessary disbursements, and for the necessary disbursements actually made by the attorney we think the client is liable."

We have examined the case of Matter of Department of Public Works, 167 N. Y. 501, upon which the appellants rely, but that case is not in point upon the question now presented for decision. In that case the estate of a deceased attorney and another attorney had a lien upon the sum of $640.22, which fund had been paid into court. A referee was appointed who, " instead of limiting the inquiry to what portion of the three per cent. was due to the estate of Hawes and to McCarty respectively, the referee held that he was at liberty to ascertain upon proofs offered the amount due the estate of Hawes and McCarty on a

*quantum meruit."*    It will be seen, therefore, that the case is altogether dissimilar from the case now before us.

The judgment appealed from is affirmed, with costs.    All concur.

GILDERSLEEVE and GERARD, JJ., concur.

Judgment affirmed, with costs.