(92 Misc. Rep. 207)

### HAMPTON et al. v. ROSENHEIM.

(Supreme Court, Appellate Term, First Department.   November 3, 1915.)

1. ATTORNEY AND CLIENT ⬤�ि152—COSTS OF SUIT—AGREEMENT.
    Where an agreement between an attorney and client for rendition of services on a contingent basis did not provide who should be ultimately liable for the costs and expenses of suit, the client is liable, and the attorney may recover amounts necessarily expended.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 314; Dec. Dig. ⬤⟿152.]

2. ATTORNEY AND CLIENT ⬤⟿152—COSTS OF SUIT—NOTICE TO CLIENT.
    Where an agreement between an attorney and client made no provision for payment of costs of suit, the fact that the attorney consulted the client with regard to extraordinary expenditures was sufficient, in view of the client's failure to object, to have charged him with notice that he was ultimately liable for their payment.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 314; Dec. Dig. ⬤⟿152.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John W. Hampton, Jr., and another against Adolf M. Rosenheim. From a judgment for defendant, plaintiffs appeal. Reversed, and judgment rendered for plaintiffs.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Allan C. Rowe, of New York City, for appellants.

Albert M. Friedenberg, of New York City (Max Friedman, of New York City, of counsel), for respondent.

PAGE, J.   The plaintiffs were retained by the defendant to prosecute certain protests against duties levied by the United States government upon merchandise imported from Germany by the defendant and claims for a refund of alleged overcharges.   The written retainer states:

"It is understood that we are to take up your protests on a contingent basis of 50 per cent.; that is to say, we to receive 50 per cent. of any and all amounts recovered from the government, in the event of our winning, and, should we lose, we to receive no compensation."

The plaintiffs instituted the proceedings and sustained their contention, after losing in the first court and prosecuting an appeal.   Various refunds were made directly to the defendant by the government as a result thereof, and the defendant paid the plaintiff 50 per cent. of the gross amount thereof.   In prosecuting the claims, however, the plaintiffs were compelled to disburse money for two commissions to take testimony at Hamburg, Germany, $25 for the testimony of a chemist at the hearings before the United States Customs Court, and various other sums for printing cases and papers on appeal, including filing fees, amounting in all to $191.52.   The present action is brought to recover these disbursements, which the defendant refuses to pay.

The defendant conceded that the written retainer was the entire con-

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tract between the parties, but testified, in relating a conversation with the plaintiff before the retainer was drawn:

"He told me * * * I don't need to pay anything at all; simply I have a good case, and I will get back the money from the customhouse, and in case he does not succeed in getting the money I don't stand any loss at all, as he will do all the work on his own account, which is necessary for the benefit of this case."

Again, in answer to a question by the court, the defendant said:

"He told me I will not need to spend any money for expenses."

On the other hand, it was shown that during the course of the proceedings the plaintiff wrote the defendant a letter concerning the commission to take testimony of Lubszynski & Co., directing defendant to write his correspondents in Europe. In this letter plaintiffs said:

"Please also state to Messrs. Lubszynski & Co. that the expenses will have to be borne by you, and you can take this question up with them."

Again, the plaintiffs wrote the defendant:

"Dr. E. E. Smith, 50 East Forty-First street, New York City, has agreed to make an analysis of three substances and give testimony before the Board for $25. I think this is a reasonable sum, and if you have not made other arrangements, and if I have your authority, I will go ahead and do it."

The defendant returned this letter to the plaintiffs, with this notation in his handwriting over his signature:

"Gentlemen: I have no objections in engaging the above party."

[1, 2] The learned trial justice reserved decision, and later gave judgment for the defendant. In the absence of agreement as to necessary disbursements in conducting the case, it is presumed that they will be ultimately borne by the client. Spence v. Bode, 57 Misc. Rep. 611, 108 N. Y. Supp. 593, and cases cited. There is no evidence in the record of any agreement that the attorney should ultimately stand the expenses of the action. The most that can be said of the conversations testified to by the defendant is that it was understood that the defendant should not be required to disburse any money in the first instance, and if the defendant thought that everything was to be paid for by the plaintiffs, leaving him a net 50 per cent., he was not justified in such a conclusion by the actions and words of his attorney. It would seem, however, that the fact of defendant having been consulted in regard to extraordinary expenses was enough to put him on notice that ultimately they would be deducted from his share of the proceeds, yet there is no evidence of any protest by the defendant concerning them.

The judgment should be reversed, with $30 costs, and judgment granted for the plaintiffs for $202.76, with costs. All concur.