ST. PAUL, J.
This is a suit for attorney’s fees and costs expended in prosecuting a certain interdiction proceeding, the details of which are set forth in Pons v. Pons, 137 La. 25, 68 South. 201, and Ruiz v. Pons, 141 La. 110, 74 South. 713.
There was judgment below for defendants sustaining an exception of no cause of action; and plaintiffs appeal.
The trial judge assigned written reasons for judgment as follows:
“By Cage, District Judge:
“ * * * This suit is founded on a contract which is in these words:
“ ‘New Orleans, La., November 27, 1912. We, the. undersigned, children of Mrs. Madeline Pons, hereby employ the firm of Messrs. Lazarus, Michel & Lazarus to institute proceedings for the interdiction of our mother, Mrs. Madeline Pons. Their compensation for such specific services, if successful, is to be 5 per cent, of the total amount of the inventory taken in said interdiction proceedings.’
“The petition goes on to show what was done in those proceedings, and the suit is brought on the - ground that there has been a substantial fulfillment of the conditions of the contract; that is, that the suit had been successful within the meaning of the contract.
“Under the law of this state, a suit for the interdiction of any one is presumed to be brought and is brought not for the benefit of anybody else in the world than the interdict. The theory is that he is benefited by being interdicted, and consequently, when a' decree of interdiction is pronounced, all of the charges and costs .necessary to procure the interdiction become debts of the interdict and are paid out of his estate. This includes costs usually so called, the compensation of experts, and the compensation of attorneys.
“Any one under our law can apply for the interdiction of a person. In this case a mere stranger who had become conversant with the facts of this woman’s condition would have had the right, under the law, and it would have been his duty, in the absence of any one else taking steps, to have instituted proceedings to have her interdicted. Usually, of course, this is done by relatives of the afflicted person.
“In this case it was the daughters of Mrs. Pons who instituted the suit, and I have before me the contract with the attorneys. I have to construe this contract without the benefit of any testimony as to the meaning of it. Like all other written contracts, it must speak for itself. The court must consider from the words of the contract, together with the assistance that the Code provides, the true meaning thereof, and I am convinced that either these four daughters knew the law at the time they had tlieir first interview with the plaintiffs, or, if they did not, I am positive that these fulfilled their duty and gave their clients full information as to the law of the case; and, as this law provided that all costs and attorney’s fees would bo paid out of her estate, I am satisfied *793 that there never was any intention on the part of these four women to obligate themselves to the plaintiff lawyers to pay them anything. I am satisfied from the contract that it was the intention of both parties thereto that the compensation of the attorneys should come, in the usual course, from the estate of Mrs. Pons, after her interdiction, together with all the costs of every rature and kind which should be incurred in the interdiction proceedings.
“I am further satisfied that the words ‘if successful’ — carried that meaning, that, if a judgment of interdiction was procured, that would make the property of her estate, if you call it so, under the interdiction proceedings, responsible for the fees and costs of Messrs. Lazarus, Michel & Lazarus, who were to get their compensation from this estate, and anything short of a specific judgment of interdiction which permitted them to get this was not the success contemplated either by Messrs. Lazarus, Michel & Lazarus or by the daughters of Mrs. Pons. Therefore all of the alleged success in 'the petition amounts to nothing when it fell short of a judgment which enabled those fees to be recovered from the estate of Mrs. Pons.
“The argument that the compensation named in the contract was fixed at 5 per cent, on the inventory to be taken in the interdiction suit is an indication that the daughters of Mrs. Pons were to pay the compensation in the event of success, and is, in my opinion, not well founded. The daughters knew, and the counsel knew, that Mrs. Pons was insane to an extent that would render the making of any will by her a nullity, and therefore the daughters, tas presumptive heirs, knew that within a reasonably short time, on the death of their mother, they would inherit her estate. They were therefore interested that the estate that they were to inherit should not be depleted unduly at attorney’s fees, and, in my opinion, this clause was introduced for the purpose of fixing the amount beyond which the attorneys should not, in claims for their fees, deplete the prospective inheritance of the daughters, both they and the counsel, undoubtedly, in my opinion, looking to the interdict’s estate to pay those fees. * * * ”
I.
[3] We concur with the district judge in his conclusion that these defendants did not intend to incur, and did not in fact incur, any personal liability for attorney’s fees under the foregoing contract of employment. See Succession of Aiken, 144 La. 66, 70, 80 South. 200.
II.
[1,2] The district judge also found that the defendants were not obliged to reimburse plaintiffs the costs expended by them in prosecuting said suit. As to this we think he erred. They were the plaintiffs in that suit and were cast for their own costs therein. 141 La. 120, 74 South. 713. The fact that plaintiffs’ fees for rendering a certain specific service were to be contingent upon success did not mean that they also assumed the payment of costs if unsuccessful. Hampton v. Rosenheim, 92 Misc. Rep. 207, 155 N. Y. Supp. 361; Spence v. Bode, 57 Misc. Rep. 611, 108 N. Y. Supp. 593.
One who undertakes to place the burden of his own debt upon another must show with certainty wherein such other person has thus bound himself, or point out clearly some law which so binds him.
Decree.
The judgment appealed from is therefore amended so as to sustain the exception of no cause of action as to the attorney’s fees claimed by plaintiffs and overrule said exception as to the costs expended by them. And as thus amended said judgment is affirmed and the case is remanded for further trial; defendants to pay the costs of this appeal, and all other costs to await the final judgment.
DAWKINS and THOMPSON, JJ., dissent as to the ruling on the claim for attorney’s fees and concur as to the costs.
Rehearing refused by Division B, composed of Justices O’NIELL, LAND, and BAKER.