CHIASSON, Judge.
Margaret A. Coon, an attorney by profession, appeals the dismissal of her lawsuit seeking out-of-pocket expenses incurred by her while representing her former clients, Deborah Ann Sims Landry and Everett E. Sims.
Plaintiff, while practicing law in Baton Rouge, was retained by the defendants to represent them in a personal injury action against James A. Knight. The parties entered into a written “Retainer Agreement” which fixed plaintiff’s fee on a contingency basis.
Ms. Coon filed suit on behalf of Debroah Ann Sims Landry, (for the personal injuries she received in the automobile accident) and Everett E. Sims, (for the property damage occasioned to his car) against Knight on October 24, 1977. The lawsuit was at first contested by Mr. Knight, but he thereafter left the state. Ms. Coon obtained a judgment for her clients against Knight in the 19th Judicial District Court on April 23, 1979, in the amount of $3,138.03 and all court costs.
Since Mr. Knight had left the state, the judgment was apparently uncollectable. Plaintiff sent a statement of her expenses in that suit to the defendants for payment. The defendants initially refused to pay, then Mr. Sims did send a letter and a $25.00 check for partial payment, but placed a stop payment order on the check before it was presented for payment. Plaintiff then withdrew as counsel of record in the Sims v. Knight case and filed suit against the Sims, for her out-of-pocket expenses in the amount of $481.83. She later amended her petition seeking $1,000.00 as reasonable attorney’s fees for services rendered on a quantum meruit basis. The defendants objected to the payment of the expenses based on the language of the “Retainer Agreement.”,
The pertinent provision of the contract is as follows:
“I hereby agree that said Attorneys shall receive and recover in addition to any fee earned by said Attorneys hereunder, the amount of all costs, disbursements and expenses incurred by said Attorneys in prosecuting my case to a proper conclusion.”
The trial court construed the phrase “to a proper conclusion” to mean when recovery is made. It found that since no recovery was made the contract was not clear and that this provision must be construed against the plaintiff who drew up the contract.
We agree with the trial court that the language in the contract is vague. To bring “a case to a proper conclusion” is indefinite and subject to many interpretations. Since the contract is vague it must be interpreted against the party preparing the contract. See La.C.C. art. 1958; and Doucet v. Standard Supply & Hardware Company, 250 So.2d 549 (La.App.3rd Cir. 1971).
Plaintiff contends that the decision in Lazarus, Michel, and Lazarus v. Veazy, 151 La. 790, 92 So. 338 (1922), and the Ethical Considerations and Disciplinary Rules of the Louisiana State Bar Association Code of Professional Responsibility mandate the client be ultimately responsible for expenses of the suit.
The Lazarus case stated:
“The fact that plaintiff’s fee for rendering a certain specific service were to be contingent upon success did not mean that they also assumed the payment of costs if unsuccessful.” (citations omitted) “One who undertakes to place the burden of his own debt upon another must show with certainty wherein such other person has thus bound himself, or point out clearly some law which binds him.”
In the Lazarus decision, costs of the interdiction suit were cast against plaintiff by the trial court. The costs in the Sims v. Knight case were cast against the defendant, Knight, and no judgment for costs was cast against the plaintiffs, Sims. In addition, the law between the present parties is the contract and under our construction of *1146 the contract it does not make the defendants ultimately liable until funds are recovered. There was no clear understanding by the defendants either through the contract or in conversations with the plaintiff that they would be responsible for the costs if there was no recovery. Although we have a contingent fee contract, the lawyer has the responsibility to inform and make the client understand that he will ultimately be liable for the expenses advanced by the attorney even if the suit is unsuccessful or even if no or only partial recovery is obtained.
The Ethical Considerations and Disciplinary Rules of the Louisiana State Bar Association Code of Professional Responsibility are intended to govern the conduct and practice of law by attorneys. Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La.1976). It does not bind third parties who are not attorneys. Although these Ethical Considerations and Disciplinary Rules dictate to the attorney that the “client must be ultimately liable for expenses,” this does not as a matter of law bind the client. The contractual agreement between the attorney and client and its interpretation is the only binding force on the client.
Plaintiff’s final two arguments are based on the theories of unjust enrichment and acknowledgment of a debt. She contends that the defendants were unjustly enriched because the Sims now have a judgment against Mr. Knight based on her expenditure of $481.83. The sole basis for this claim is the case of Henican, James, and Cleveland v. Strate, 348 So.2d 689 (La.App. 4th Cir.1977). In Henican, the court did grant the plaintiff-attorney an award based on unjust enrichment, but, for his services rendered. The client had been enriched by the recovery of a sum of money. Further, there was a provision in the original contract that specifically provided that the client would be responsible for necessary expenses. No such provision is present here, nor has any enrichment been established. In her appeal, the plaintiff is only seeking out-of-pocket expenses and has abandoned her claim for fees for services rendered.
The defendant, Everett E. Sims, did write a letter to the plaintiff in which he enclosed a $25.00 check. The letter stated: “Here is $25.00 on my half of the bill. I will send $25.00 each month and when I can I will send more.” Before the plaintiff could negotiate the check, Mr. Sims had a stop payment order placed on it. Plaintiff contends that this letter and check represent an acknowledgment of the debt. Assuming plaintiff’s contentions to be true, she must first show that a debt initially existed; this she has failed to do either by contract, by policy considerations, or by the principles of unjust enrichment. Since she has failed in this respect, there can be no acknowledgment of something that has never existed.
We conclude that these defendants did not bind themselves in any fashion for payment of expenses unless there was recovery in their lawsuit. Since there was no recovery, no expenses were owed to the plaintiff. The judgment of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.
LEAR, J., dissents and assigns reasons.