HELEN L. MAXWELL, as Administratrix, with the Will Annexed, of JOSHUA MAXWELL, Deceased, Respondent, *v.* OCTAVIUS O. COTTLE, Appellant.

72 529|<br>76 345|

*Attorney's lien for services — Statute of Limitations — right to set off.*

An attorney's lien on moneys of his client in his possession, for the amount of a general balance due him for professional services, continues to exist after and notwithstanding his remedy by action for the debt has become barred by the Statute of Limitations ; and the attorney has a right to retain such money until his account is adjusted and to have it set off and applied upon his account, in an action brought against him by the client to recover the money in his hands.

Any loan which an attorney has for professional services upon a mortgage placed in his hands for collection, at the time the mortgage is converted into money by its collection, attaches to the money.

APPEAL by the defendant, Octavius O. Cottle, from an order of the Supreme Court, made on the 28th day of April, 1890, and entered in the office of the clerk of Erie county, denying his motion for a new trial made upon the minutes, upon the rendition of a verdict for the plaintiff of $320 after a trial at the Erie Circuit ; and also from an order of the Supreme Court, made on the 26th day of December, 1889, and entered in said clerk's office, denying the defendant's motion for a reference of the issues.

The action was brought by the plaintiff as administratrix, with the will annexed, of Joshua Maxwell, deceased, to recover the sum of $500, the proceeds of a mortgage which had been placed by her

testator in the hands of the defendant, an attorney at law, for collection, and which had been collected by him, but not paid over.

The defendant's answer was as follows :

"The above-named defendant, for answer to the plaintiff's complaint, says that at the times hereinafter mentioned he was and still is an attorney and counselor of the Supreme Court of the State of New York, and, as such, at divers times between the 1st day of January, 1870, and the commencement of this action, rendered services for said Joshua Maxwell, at his special instance and request, and upon an open and running account in and about prosecuting and collecting the mortgage mentioned in the complaint, and in prosecuting and defending divers suits and proceedings in divers courts, and in drawing various deeds, contracts, wills and instruments, and in examining titles and deeds, and in consultations about matters as to which he, said Joshua Maxwell, requested of this defendant legal advice as such attorney and counselor ; and paid, laid out and expended divers sums of money in and about the said business and for said Joshua Maxwell at his request.

"That the value of such services and the money expended as aforesaid exceeded the sum of $1,600 over and above all payments made on account thereof.   And this defendant alleges upon information and belief that he acquired and had a lien upon the bond and mortgage described in the complaint, and upon the money due thereon and for the sum of money mentioned in the complaint, for said services and money advanced to the extent of said sum of $1,600, and the right to apply the sum alleged in the complaint as a part payment thereof.   That the said sum of $1,600 is still unpaid and due to the defendant, with interest thereon, except so far as the same has been paid by the money mentioned in the complaint, and this defendant will set off the same and apply said $500 on account thereof.

"This defendant, after applying all moneys received by him on account of the matters alleged in the complaint upon the aforesaid demands in his favor, demands judgment in his favor against said plaintiff for the balance due to him by reason of the matters aforesaid."

The plaintiff replied, alleging that she had no knowledge as to whether the services were rendered or not, and that she believed

that whatever services were rendered by the defendant were paid for prior to the decease of the testator.

The ruling of the trial court, stated in the following opinion, against any demand set up by the defendant which accrued more than seven years and six months before he received the money, was based upon section 403 of the Code of Civil Procedure as interpreted in *Chapman* v. *Fonda* (24 Hun, 130) and *Church* v. *Olendorf* (49 id. 439), in which cases it is held that the six years' period required to bar a claim is extended one year and six months in case there had been no letters of administration issued at the time when the claim would otherwise have been barred. Letters of administration were not issued in this case until after the six years had run.

*Edmund P. Cottle*, for the appellant.

*Frank F. Williams*, for the respondent.

LEWIS, J. :

The order denying the motion for a reference should be affirmed.

The account of the defendant consisted of items for services and disbursements as attorney for Joshua Maxwell, deceased, in several actions and in other matters. The account was not of the character contemplated by section 1013 of the Code of Civil Procedure.

The granting of the order for a reference was a matter for the exercise of the discretion of the court. (*Martin* v. *Windsor Hotel Co.*, 70 N. Y. 101 ; *Godfrey* v. *Williamsburg City Fire Ins. Co.*, 12 Abb. [N. S.] 250.)

The serious question in the case arises upon the rulings of the court under the Statute of Limitations.

The action was brought by the plaintiff as administratrix with the will annexed of her husband, Joshua Maxwell, deceased, to recover $500 in the defendant's hands, collected by him as an attorney of her deceased husband.

The defendant admitted collecting the money as attorney, but claimed to have a lien thereon for services and disbursements made and rendered by him as attorney for said Maxwell during his lifetime. The defendant had for many years prior to the death of Maxwell acted as his attorney in various matters. He commenced to perform the services as early as about 1872.

In the year 1875 Maxwell placed in his hands as attorney to collect a mortgage upon real estate in the State of Wisconsin. The defendant instituted proceedings for the collection of it, and in the year 1883 received on account thereof the $500 in question.

This was three years after the death of Mr. Maxwell.

There was evidence tending to show that at the time the mortgage was placed in defendant's hands Maxwell was indebted to him for services and disbursements as an attorney.

The account accrued less than six years before the mortgage came into the defendant's hands, and has never been paid.

Before the commencement of this action, and before the defendant received the $500, the Statute of Limitations had run against the portion of the defendant's account referred to.

The court upon the trial ruled that the defendant had a lien upon the moneys which came to his hands for any amount then due him which was not barred by the Statute of Limitations; but that his lien ceased to exist upon any demand set up in his answer which accrued more than seven years and six months before he received the money.

Any lien which the defendant had upon the mortgage at the time it was converted into money must, we think, be held to have attached to the money.

All there was in the mortgage upon which a lien was effectual was the money that the mortgage represented, and when it was paid his lien must be held to have been transferred to the proceeds of the mortgage. The question is, therefore, presented whether an attorney's lien on funds in his possession continues after the debt becomes barred by the Statute of Limitations. If not, the ruling of the trial court was correct.

If it continues the defendant is entitled to a new trial; for there was evidence tending to show that there was something due him for services which were performed more than seven years and six months prior to the time the money came into his hands.

The statute, however, had not run against any portion of his claim at the time the mortgage was placed in his hands for collection. It is a well-settled rule that an attorney has a lien on all papers · or moneys belonging to his client in his possession for the amount of a general balance due him for professional services.

This rule became well established in England at an early date, and prevails not only in that country but in this.

An attorney has the right to make application of the funds in his possession upon his account without the consent of his client, and we think, upon principle and authority, that the lien continues to exist notwithstanding his remedy by action for the debt becomes barred by the Statute of Limitations. (*Spears* v. *Hartly*, 3 Esp. 81; *Hulbert* v. *Clark*, 128 N. Y. 295, 302; 1 Jones on Liens, § 231; Overton on Liens, p. 26, n. 1; *Jones* v. *Merchants' Bank*, 6 Robt. 162.) After the statute has run against the claim the remedy by action is barred, but the debt is not discharged. It still exists. (*Hulbert* v. *Clark*, 57 Hun, 559.)

The running of the statute against a claim does not raise a presumption of its payment, but merely creates a bar to the remedy by action. (*Rogers* v. *Murdock*, 45 Hun, 30.)

The case 3 Esp. (*supra*) was an action of trover for a log of mahogany. The defendant was a wharfinger, and claimed a lien on it as well for the wharfage as for the balance of a general account. The account was barred by the Statute of Limitations.

Lord ELDON, in deciding the question, says : " If what has been stated by the defendant's counsel be law, that the debt is discharged by the operation of the Statute of Limitations, no lien could be obtained by reason of it. But the debt was not discharged. It was the remedy only.

" I am of opinion that though the Statute of Limitations has run against a demand, if the creditor obtains possession of goods on which he has a lien for a general balance, he may hold them for that demand by virtue of the lien.

" In this case the defendant had a subsisting demand when the goods came to his possession, and I am of opinion he may enforce it by the lien which the law has given him for his general balance."

It was held in *Higgins* v. *Scott* (2 Barn. & Ad. 413), that the Statute of Limitations bars the remedy only, not the debt; and, therefore, where an attorney for the plaintiff had obtained judgment, though he had taken no step in the cause or to recover the amount of his bill of costs within six years, he had still a lien on the judgment for his bill of costs, and the court directed the sheriff to

pay him the amount out of the proceeds of the goods. (Darby & Bosanquet on Statutes of Limitation, 11.)

It was held in *Richards* v. *Platel* (18 Eng. Ch. 79), that the lien of a solicitor on the papers of his client for the amount of his bill is equivalent to a contract, and, therefore, a solicitor will not be ordered to deliver up such papers until he is actually paid.

In *MacKelvis & Sterritt's Appeals* (108 Penn. St. 615), it was held that an attorney has a lien for his services upon the papers actually in his possession ; that having the money in his hands he may deduct the amount due him and pay over the balance if there is any. To the same effect is *Griffith's Estate, Nagel's Appeal* (147 Penn. St. 278).

It was held in *McNagney* v. *Frazer* (27 N. E. Rep. 431), that while an attorney having taken no steps to perfect a statutory lien on a judgment obtained by him, and the Statute of Limitations having run against his action at law, he cannot sue in equity to establish a lien on the judgment, still if he has in his possession property pledged to secure his debt, his lien would not become extinguished if his debt should become barred by the Statute of Limitations.

It was held in *Hulbert* v. *Clark* (57 Hun, 558, opinion DWIGHT, P. J.), that the running of the Statute of Limitations against a claim did not prevent the foreclosure of a mortgage under seal to collect the amount of the claim thus barred. This case was affirmed by the Court of Appeals (128 N. Y. 295).

EARL, J., in his opinion says : " The Statute of Limitations does not, after the prescribed period, destroy, discharge or pay the debt, but it simply bars a remedy thereon. The debt and the obligation to pay the same remain, and the arbitrary bar of the statute alone stands in the way of the creditor seeking to compel payment. The Legislature could repeal the Statute of Limitations and then the payment of a debt upon which the right of action was barred at the time of the repeal, could be enforced by action, and the constitutional rights of the debtor are not invaded by such legislation. * * * It is a general rule recognized in this country and in England, that when the security for a debt is a lien on property, personal or real, the lien is not impaired because the remedy at law for the recovery of the debt is barred."

There are many other authorities sustaining this doctrine, but we do not deem it necessary to refer to them.

The authorities referred to by the respondent, which it is claimed maintain a contrary doctrine, were cases where the attorney sought by an affirmative action to enforce his lien, and it was held he could not maintain the action because his remedy was barred by statute.

The defendant is not asking, nor does he require any affirmative action in his behalf. He has the money in his possession and claims the right to retain it until his account is adjusted.

We are of the opinion that the defendant did not lose his lien upon the moneys for the reason that the Statute of Limitations had run against his claim.

It, therefore, follows that his motion for a new trial should be granted, with costs to abide the event.

Order denying motion for a reference affirmed.

DWIGHT, P. J. and HAIGHT, J., concurred.

Order denying motion for new trial reversed and new trial granted, with costs to abide the event.

Order denying motion for reference affirmed.