Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, without costs.

---

In the Matter of the Application of ELIZABETH C. McKIBBIN, Respondent, *v.* WILLIAM H. NAFIS, an Attorney, etc., Appellant.

*Attorney's compensation — lien therefor.*

An attorney has a lien upon a bond and mortgage placed in his hands by his client, and upon any sums collected upon them, for his compensation for services theretofore rendered.

APPEAL by William H. Nafis from an order of the Supreme Court, made at the New York Special Term, entered in the office of the clerk of the county of New York on the 12th day of January, 1894, directing the defendant to pay to Elizabeth C. McKibbin the sum of $1,500 with interest, and further to deliver to her a bond and mortgage, and all other papers and documents held by said Nafis as her attorney belonging to her.

*George Putnam Smith*, for the appellant.

*Charles Blandy*, for the respondent.

FOLLETT, J.:

The appellant is an attorney and counselor of this court, who was employed by the petitioner to collect upwards of $90,000 due from the estate of her deceased father, which sum was collected through

the aid and assistance of the attorney. But a question has arisen as to the value of those services. At some time — the date not appearing — a bond and mortgage for $6,000, owned by the respondent, was placed in the hands of the appellant, with power to collect the installments falling due thereon. On the 24th day of July, 1893, the appellant collected $1,500 on this bond and mortgage, which he placed to the credit of the respondent; and subsequently he brought an action against the respondent to recover the amount claimed to be due him for services rendered after crediting this sum. In this action an issue has been joined. Afterwards the petitioner applied for an order requiring the appellant to pay over the $1,500 so collected and credited, and to deliver to her the bond and mortgage, which was resisted by the attorney on the ground that he had a lien on the sum and on the securities for the services he had rendered.

It is well settled that an attorney has a lien on the securities of his client which are in his hands for services which he has rendered. This lien is a legal one. (*Matter of H.*, 87 N. Y. 525; *Maxwell v. Cottle*, 72 Hun, 529.)

The attorney having a legal lien upon this mortgage and upon this sum, it is difficult to see by what right or upon what principle the court could declare that he must surrender such lien. If it had been shown that the attorney's claim was wholly groundless, then undoubtedly the court, upon a summary application, might require the securities to be surrendered; but where, as in this case, it is conceded that the attorney has performed some services, and the value of those services are in dispute, we think that the court should not have required him to relinquish his lien.

The order should be reversed, but without costs to either party.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order reversed, without costs to either party.