provision: "Provided, always,   *   *   *   that the said party of the first part will pay the indebtedness as hereinbefore provided, and, if default be made in the payment of any part thereof, the party of the second part shall have power to sell the premises herein described, according to law."   It further contained allegations of default in the payment of the note by the maker, and demand of payment thereof from the appellant, and refusal.   The criticism made upon the complaint by the counsel .for the appellant is that it was necessary for the plaintiff to allege that the appellant indorsed the note in question for the purpose of lending credit to the maker, and that, in the absence of such an allegation, the legal presumption arising upon the face of the note was that the appellant was a second indorser.   We deem it unnecessary to express any opinion upon this question.   Whether parol evidence would have been admissible to show the real purpose and intent of the indorser, in the absence of an allegation to that effect, need not now be decided.

The complaint before us contains an allegation that the appellant, in the mortgage, expressly covenanted to pay the note.   There was, consequently, a good cause of action pleaded, entirely outside of any question of liability arising upon the note.   But the judgment appealed from contains no provision adjudging the appellant to be personally liable for the debt, and there can be, of course, no question but that the mortgage was enforceable against the property.   In the absence of a provision in the judgment providing that the appellant shall be liable for any deficiency arising upon the sale of the mortgaged property, I am unable to perceive what cause he has to appeal.

The judgment and order must be affirmed, with costs to be paid by the appellant personally.   All concur.

---

(1 App. Div. 387.)

### CITY OF PHILADELPHIA v. POSTAL TEL. CABLE CO.

(Supreme Court, Appellate Division, First Department.   February 7, 1896.)

1. ATTORNEY AND CLIENT—REMOVAL OF ATTORNEY—LIEN.
   On motion by a client for removal of his attorney for refusal to take further steps in the case or submit to a substitution, it is error to direct the attorney to dissolve his connection with the client in all other actions in which he is attorney for the client, and surrender the papers therein, without providing for the payment of his fees in the other actions.

2. SAME—PRACTICE—REFERENCE.
   In such a case the court should refer the matter to a referee, to fix the value of the attorney's fees in such other actions.

Appeal from special term, New York county.

Action by the city of Philadelphia against the Postal Telegraph Cable Company.   From an order made at special term requiring R. S. Guernsey, attorney for defendant, to consent to the substitution of another attorney for defendant in all actions in which he represents defendant, and to deliver up on demand papers in regard thereto, he appeals.   Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

R. S. Guernsey, for appellant.

W. W. Cook, for respondent.

RUMSEY, J.   As Guernsey refused to take any steps or consent to a substitution in the action in which this motion is made, it is quite propable that, had the order simply directed a substitution in that action, this court would not have interfered with it to modify its terms.   Tuck v. Manning, 53 Hun, 455, 6 N. Y. Supp. 140.   But it went further, and required Guernsey to dissolve his connection with the defendant in all actions in which he was attorney, and give up the papers in those actions upon which he had a lien for his services.   McKibbin v. Nafis, 76 Hun, 344, 27 N. Y. Supp. 723.   When the court undertook to do that, it should have provided for the settlement of all matters between the attorney and his client, and for fixing the amount due to him, and for its payment, because he would have lost his lien, and thus have been deprived of a right which, as to these cases at least, he had done nothing to forfeit.   Id.   Where the client has made a summary application to remove his attorney, this court has the power to send it to a referee to fix his compensation.   Ackerman v. Ackerman, 14 Abb. Prac. 230;   Dimick v. Cooley, 3 Civ. Proc. R. 141, 151.   This is a proper case for the exercise of that power.

The order should be modified by sending it to a referee to ascertain the amount to be paid by defendant to the attorney for his services in the several actions, and to report to the court the testimony, and his opinion thereon, without costs of appeal to either party.   If the parties cannot agree upon the referee, he will be appointed upon the settlement of this order.   All concur.