EMMA E. FUTHERER and Others, Respondents, v. DAVID C. ANGELIDIS, Also Known as DANIEL G. ANGELIDIS, Appellant, CHARLES H. AGNEW and Others, Defendants.— Order affirmed, with ten dollars costs and disbursements, upon the ground that the twenty-year, and not the six-year, Statute of Limitations applies to the cause of action set forth in the complaint. (See Civ. Prac. Act, §§ 47, 48; *Atlantic Dock Co.* v. *Leavitt*, 54 N. Y. 35; *Bowen* v. *Beck*, 94 id. 86; *Hyde* v. *Miller*, 45 App. Div. 396; *Quackenbush* v. *Mapes*, No. 1, 123 id. 242; *Hulbert* v. *Clark*, 57 Hun, 558; affd., 128 N. Y. 295; *Greenly* v. *Greenly*, 114 App. Div. 640; *Anguish* v. *Blair*, 160 id. 52; affd., 216 N. Y. 746.) All concur. (The order denies defendants' motion to dismiss the complaint in an action to recover installments of interest on a bond secured by a second mortgage.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE MOORE, Appellant.— Judgment of conviction reversed on the law and a new trial granted. Memorandum: The evidence was sufficient to support the verdict rendered against the defendant and the judgment of conviction would have to be affirmed were it not for an erroneous instruction given to the jury, when they asked for instructions, in substance, that the jury must find the defendant guilty or innocent on each of the four counts of the indictment. The law is otherwise. A jury may disagree as to any or every count of an indictment or it may acquit or convict as to one or more of the counts of an indictment and disagree as to the remaining counts. A judge " must not attempt to coerce or compel the jury to agree upon a particular verdict, or any verdict." (*People* v. *Faber*, 199 N. Y. 256, 259. See, also, *Levinson* v. *Zipkin*, 65 Misc. 203, 206; *Wilkins* v. *Abbey*, 168 id. 416, 418; Code Crim. Proc. § 428.) We do not regard this error as unsubstantial. [See Code Crim. Proc. § 542.] The judgment of conviction should be reversed and a new trial should be granted. We do not deem it necessary to pass upon the other errors urged by the appellant and we express no opinion as to them. All concur. (The judgment convicts defendant of the crime of forgery, second degree, and petit larceny.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

CHANCY KEELE, JR., Respondent, v. LEO MANUSZEWSKI, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The question as to whether the plaintiff was an independent contractor was not raised on the trial. We think, however, that the verdict was against the weight of the evidence. All concur. (The judgment is for plaintiff in an action for damages for personal injuries sustained by reason of negligence in guarding of excavation. The order denies a motion for a new trial.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Complaint of ANTOINETTE INGALLINERA, Respondent, v. FRANK LUMIA, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (The order directs defendant to contribute to the support of complainant's child in a filiation proceeding.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.