## WHITING v. STATE.

No. A-11106.   April 26, 1950.

(218 P. 2d 402.)

A. O. Manning, Fairview, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Clyde Ray Whiting, was charged by an information filed in the county court of Garfield county with the offense of driving an automobile on the public highway while under the influence of intoxicating liquor, was tried, convicted and pursuant to the verdict of the jury was sentenced to pay a fine of $250, and has appealed.

Two propositions are presented in the brief of defendant: First, the evidence was insufficient to sustain the conviction.   Second, the verdict was the result of prejudice created by questions asked by the trial court.

The proof of the state showed that about 6 o'clock p. m. on November 21, 1947, one James F. Everett was driving his automobile on Highway 64 about five miles east of the city of Enid at which point he collided with a car being driven west by the defendant, Clyde Ray Whiting.

Mr. Everett testified that he drove his automobile off of the pavement onto the shoulder of the highway in an effort to avoid the collision, but that the defendant drove his automobile across the center line of the road onto the wrong side of the highway and struck the car of Everett. Everett testified that he could smell alcohol very plainly on the defendant's breath; that his talk was jumbled; and in his opinion the defendant was intoxicated.

Two highway patrolmen came to the scene of the collision about 30 minutes after it occurred. On the north side of the pavement, but within the right-of-way about 18 feet away from the pavement, the patrolmen found one full pint bottle of whisky in a paper sack and another pint bottle with a small quantity of whisky remaining in it. The patrolmen also found a box of matches in the paper sack and on the box was this inscription, "Art's Drugs and Liquor, Seligman, Missouri". The full bottle of whisky had a Missouri liquor stamp upon it. The patrolmen arrested the defendant and took him to the Garfield county jail. Each patrolman testified that in his opinion the defendant was intoxicated.

The defendant testified that he had made a trip to Rogers, Ark.; that on the way home he stopped and drank a bottle of beer, but did not become intoxicated; that he became blinded by the lights of an automobile just ahead of the car of Mr. Everett. It caused him to pull over toward the center of the highway and collide with Everett's car. Defendant denied ever having had possession of the whisky found by the patrolmen and disclaimed any knowledge concerning it.

On cross-examination defendant admitted that the locality in Arkansas where he visited was legally dry and that the city of Seligman, Mo., was on the state line and the closest point where a person could legally buy intoxicating liquor.

John Harwick testified that he and A. J. Ginder were riding in the automobile with defendant. He verified defendant's statement as to the trip to Arkansas and further related that on the return trip two stops were made to eat and at each stop the defendant drank a bottle or can of beer. He also verified defendant's story that the

night of the collision was a cold, rainy night and that an automobile which was driving towards them just ahead of the Everett car blinded them to where they could not see and was the cause of the collision. He also denied any knowledge of the whisky found by the patrolmen.

The evidence of the state was sufficient if credited by the jury to make out a case against the defendant under the statute prohibiting the driving of an automobile on the highway while under the influence of intoxicating liquor. The jury saw the witnesses and were in a better position to determine the weight to be given to their testimony than is this court. Under such circumstances, the verdict of the jury will not be disturbed on appeal.

The second proposition is directed to certain questions asked by the court of the witnesses. The record discloses that the court during all of the trial asked five questions. Each time when the court asked the question it was in an effort to clarify the testimony of the witnesses as to the position of the cars. Each of the witnesses in testifying would refer to the right or left side of the road and the court's inquiry would be for the purpose of clarifying whether the car was on the south or north side of the road. We have carefully read the questions asked by the court of which complaint is made by counsel for defendant and we have found nothing contained in such questions which would indicate that the trial court was biased or prejudiced in the matter or was tending to indicate to the jury that he felt the defendant was guilty.

We agree with counsel for defendant that a trial judge should carefully refrain from saying or doing anything during the course of the trial which would in any way indicate to the jury that he had an opinion as to the guilt or innocence of the accused. But in this particular case it would be placing a strained construction

upon the conduct of the court to hold that his behavior in asking the questions was improper and created prejudice against the accused.

Finding no material error in the record, the judgment and sentence of the county court of Garfield county is affirmed.

BRETT and POWELL, JJ., concur.