THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS RIVERA PADÍN, Defendant and Appellant.

No. 15703.    Argued November 9, 1954.—Decided December 22, 1954.

*Esteban Susoni Lens* and *Santos P. Amadeo* for appellant. *José Trías Monge, Attorney General,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Luis Rivera Padín and Flor Mercado Serrano were jointly charged with robbery. At the trial, Rivera Padín was represented by counsel Herminio Miranda and the codefendant by counsel César Vélez. The trial, held before a jury, followed the ordinary procedure. Rivera Padín was found guilty of the offense charged and sentenced to a term of from one year and eight months' to ten years' imprisonment in the penitentiary. He appealed from said judgment assigning the following errors:

"1.—The trial court erred in forcing the jury to deliberate against its will since it had informed the court that it was unable to agree upon a verdict as to one of the defendants.

"2.—The defendant-appellant did not have a fair trial because the jury revealed how it was voting as to the guilt or innocence of the defendant-appellant.

"3.—The court erred in permitting the defendant-appellant to be without the aid of counsel at all the stages of the proceeding."

■ The first two errors are grounded on the same incident. After the jury had been deliberating for an hour and seven minutes, it returned to the courtroom and the following colloquy took place between the judge and the jury:

"*Hon. Judge:* The court reopens the case. Do the parties accept that the jury is the same and that it is complete?

"*Hon. Prosecuting Attorney:* Yes, your Honor.

"*Lic. Vélez González:* Yes your Honor.

"*Hon. Judge:* Gentlemen of the jury, have you agreed upon a verdict?

"*Mr. Foreman:* In part, your Honor, we have reached a unanimous verdict as to one defendant and as to the other, the jury is divided seven to five.

"*Hon. Judge:* Without indicating the state of affairs as to the unanimity or as to the difference existing between you, do you, lady and gentlemen of the jury, think that you need any additional instruction, and on what points, in order to find a way of reaching a verdict?

"*Mr. Foreman:* I probed the others' opinion, that of the lady and the gentlemen of the jury, and we have been unable to reach an agreement nor are we likely to agree, to the extent that many of us have stated that even if we continue to deliberate until next Christmas the result would always be the same.

"*Hon. Judge:* I believe that said attitude could be smoothed out because the thoughts, the mind and the conscience of us who are engaged in the administration of justice should always be open to argument and in the disposition of convincing or being convinced; it means, that we believe that to say that you shall continue until such and such a date without agreeing is something that can be smoothed out, as I said before. I do not believe that this case is difficult; it is a simple case where both parties have called precisely three witnesses.

"*Mr. Foreman:* We are completely deadlocked.

"*Hon. Judge:* The court believes that by granting you some more time, a half hour or an hour to discuss this case, you might reach an agreement, and it now asks the lady and the

gentlemen of the jury to return to the jury room and start a new discussion. Try to reach the verdict which in justice should be returned . . . (tr. 96–98).

" .    .    .    .    .    .    .    .

"Thus no inference should be made of trying to influence your minds with absolutely anything but the pure, honest, noble, and decent impression which might be given by the testimony of the witnesses examined here under oath. That is why I have always believed that the jury of this district has been inspired by the noble principles which were inspired by Judge Mestre.

"I believe that the lady and the gentlemen of the jury should retire to deliberate and try to continue the discussion, since having reached an agreement in this case in part, there is still another part in disagreement and it might happen that you can convince each other or that the same discussion involves nothing definitive; the unanimous verdict already reached may be argued within the same discussion. The court orders the gentlemen of the jury to retire to the jury room." [1] (Tr. 99–100).

The appellant argues that there is no doubt that the verdict of conviction was the result of the order of the court to return to deliberate, despite the fact that the jury could not reach a verdict according to the statements of its Foreman. *People v. Sheldon*, 50 N. E. 840 (1898); *Meadows v. State*, 62 737; *State v. Shuman*, 90 S. E. 596; *People v. Neilson*, 22 Hun 1 (N.Y.); *Cranston v. N.Y.C. R.R. Co.*, 9 N. E. 500; *People v. Moore*, 25 N.Y.S. 2d 206; *People v. Koerner*, 84 N. E. 1117; *People v. Walker*, 209 P. 2d 834; *People v. Kindelherger*, 34 Pac. 852; *People v. Crowley*, 224 P. 2d 748; *People v. Finkelstein*, 220 P. 2d 934.

Appellant is not correct. The incident copied above does not indicate that the jury was coerced or threatened by the trial judge in order to return a verdict of conviction. The statements made by said judge to the jury are not of such a

---

[1] The words of the trial judge which we have omitted herein refer to certain instructions given on a previous occasion by Judge Mestre with regard to the preliminary oath taken by the jury with respect to its capacity to serve as such.

nature as to exercise on the latter an improper influence nor do they constitute a threat to the jury to return a verdict of guilty.

A verdict may be set aside, among other cases, when the same is the result of coercion or threats to the jury, or when the statements or remarks of the judge infer or suggest to the jury what is the specific verdict which they should return or when such statements or remarks exercise an improper influence on the jury. This is the doctrine which in general terms is supported by the cases cited by the appellant. However, said cases, with the exception of People v. Crowley,[2] supra, are clearly distinguishable. In some of these cases the jury returned a verdict of conviction under coercion or threat on the part of the judge; in others, the statements of the judge clearly indicated to the jury which was the verdict expected and in still others the statement of the judge exercised improper influence on the jury. None of these circum-

[2] In the Crowley case, as in the case at bar, the trial judge stated that the evidence produced had been plain and clear . . . clear although conflicting. The reasoning of the California Appellate Court is the following: "These statements meant that the court was of the opinion that although there was conflicting evidence, either that upon which the People relied, or the testimony of the defendant . . . should be rejected, or in other words, that there was no basis in the evidence for a reasonable difference of opinion as to the guilt of the defendant. Reasonably intelligent jurors would know that the court would not permit a defendant to be convicted upon legally insufficient evidence . . . Since they were not advised to acquit the defendant they could reasonably have inferred that the court expected them to convict him. Any question as to the interpretation that was placed upon the court's remarks finds an answer in the verdict of guilty . . ." It could likewise be argued that a reasonably intelligent jury knows that when the People proves its case prima facie, although the evidence be weak and unworthy of credit, the judge may not order the defendant's acquittal because it is a function of the jury and not of the judge, as they are always instructed, to weigh the evidence and decide as to its credibility. People v. Rosado, 72 P.R.R. 773; People v. Rivas, 68 P.R.R. 439. At any rate, the Crowley case was decided by the Appellate Court of California and it has been subsequently cited only twice by the same court: once to uphold it in People v. Walker, 246 P.2d 1009, and again to distinguish it in People v. Lammers, 238 P.2d 668. As may be seen, and to the extent of our studies, neither the Supreme Court of California nor the courts of other American jurisdictions have adopted the doctrine of the Crowley case.

stances is present in the case at bar, in which the verdict now challenged by appellant is free from such defects of nullity.

Now then, the trial in the case at bar lasted almost a whole day and the jury had deliberated for only one hour and seven minutes, when the judge ordered it to continue its deliberation. In the exercise of his discretion while conducting the proceedings, the judge is entitled to ask the jury, when the attendant circumstances are such as revealed by the record herein, to continue deliberating, so long as he does it in such a manner that the jury does not feel coerced. *People* v. *Berdecía*, 59 P.R.R. 317, and *People* v. *Saldaña*, 66 P.R.R. 181. Each case must be decided on the basis of its own peculiar circumstances.

A majority of the decisions in other jurisdictions hold that no prejudicial error is committed when the judge informs the jury that the evidence is clear and that it should not have difficulty in reaching a verdict. See *Boehm* v. *United States*, 123 F. 2d 791, cert. and rehearing denied; *United States* v. *Olweiss*, 138 F. 2d 798, cert. denied; *United States* v. *Sorcey*, 151 F. 2d 899, cert. denied; *People* v. *Finkelstein*, 220 P. 2d 934; *People* v. *Green* 224 P. 2d 406; *Dixon* v. *State*, 262 S. W. 2d 488; *Graham* v. *State*, 154 S. W. 2d 584. However, the trial judge should carefully refrain from saying or doing anything during the course of the trial which would in any way indicate to the jury his opinion as to the guilt or innocence of the accused. See *Whiting* v. *State*, 218 P. 2d 402.

The first error was not committed. Neither was the second. It is not true, as appellant alleges, that the jury disclosed how it stood numerically on the question of defendant's guilt or innocence.[3] The action was against two defendants. What the jury spontaneously informed the judge

---

[3] In appellant's brief it is stated, without any basis therefor in the record, that "the jury informed the judge that they had convicted one of the defendants, but that they were unable to reach an agreement as to the other."

634

was that it had reached a unanimous agreement as to one of the defendants and that, as to the other, they were divided seven to five. The fact that the jury informed the judge that they had reached an agreement as to the verdict, is not an error. Neither is it a prejudicial error that the jury, as was the case herein, stated how they stood numerically without indicating on which side the majority voted.[4]

Let us now turn to the third assignment. After the prosecuting attorney closed his argument in rebuttal, Lic. Miranda, counsel for defendant-appellant, asked permission of the judge in open court to withdraw from the court stating that he had spoken with Lic. Vélez so that the latter would continue representing Rivera Padín. Questioned by the judge, Rivera Padín answered on two occasions that he consented to be represented by Lic. Vélez during the instruction and continuation of the trial. The court so ordered. Immediately thereafter, it instructed the jury[5] and the latter retired to deliberate. When the jury returned to the courtroom to inform the judge that it had reached a unanimous verdict as to one of the defendants, and that as to the other the jury was divided seven to five, the following took place:

"*The juror, Mrs. Matilde Negrón de Jesús:* I want to make a suggestion; whether we could go to that place where one of the witnesses spoke of the height, and see for ourselves whether the height stated is correct.

"*Hon. Judge:* At this stage of the proceeding, I would not order an inspection without the consent or agreement of the parties. I believe that with a stipulation of the parties, neither the People nor the defense could complain.

---

[4] In California, according to the jurisprudence cited by the appellee, there is no error if the jury spontaneously, besides informing how they stand numerically, states on which side the majority voted. *People* v. *Talkington*, 47 P.2d 368. Whether or not said doctrine should prevail in this jurisdiction, *quaere*.

[5] The transcript of the evidence discloses that when the judge was about to give his instructions to the jury, Lic. Vélez stated the following:

"*Lic. Vélez González:* Your Honor, my colleague Miranda has been forced to leave, I will represent both defendants during the instructions your Honor will give."

"*Lic. Vélez González:* As to the party which I have represented, I have no objection, but since during the instructions I was representing my colleague Miranda, I am not in condition to give my consent one way or the other.

"*Hon. Judge:* Well, this would have been convenient. Now, I would have truly granted it if any of the parties would have requested it. But I believe that an inspection is unnecessary because there were several witnesses who explained the occurrences in full details and there is ground for you to determine whether the witnesses spoke the truth, who did and who did not; that is, by their gestures, their behavior, their attitude, whether you would have classified them as moral, of high integrity. The court will declare a recess if you want to have lunch, and continue deliberating afterwards." (Tr. pp. 100–101.)

Appellant argues that at the critical moment when the jury was informing the judge that it could not reach an agreement as to one of the defendants, as well as when one of its members requested an inspection, said appellant was not assisted by counsel. To this effect, he states the following in his brief:

"The truth is that even though Lic. César Vélez González had been appointed to represent the defendant-appellant at all the stages of the proceeding, the latter had no aid of counsel when the jury, through its Foreman, told the judge that they were unable to reach an agreement as to the other defendant, and the judge insisted that they continue deliberating. Nor did the defendant-appellant have legal representation, when one of the jurors requested an inspection and the trial judge was willing to grant it if the parties had agreed. The court erred and deprived the defendant-appellant of the constitutional right to be assisted by counsel at all the stages of the proceeding when it did not call the attention of Lic. César Vélez González to speak in representation of defendant-appellant when the jury asked for an inspection. The trial judge should have protected the constitutional right of the defendant-appellant at this critical [stage] of the proceeding since the latter was entitled to be assisted by counsel at all the stages of the proceeding. See *Powell* v. *Alabama*, 287 U.S. 45, 1932; *Ex parte Hernández Laureano*, 54 P.R.R. 396, 1939 and *People* v. *Flecha Fontánez*, 70 P.R.R. 651, 1950.

"It is irrelevant that it was not known which of the defendants already had been convicted by the jury as reported to the trial judge. This is so because of the fundamental and absolute right of a defendant to be assisted by counsel at all the stages of the proceeding. Concerning this question, the Supreme Court of the United States in the case of *Glasser* v. *United States*, 315 U.S. 60 (1941) stated: 'The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial'."

We do not agree. From the time the judge began to instruct the jury appellant was assisted by Lic. Vélez with his express consent given in open court. Judging by what happened thereafter, said attorney was to represent the defendant-appellant in the subsequent stages of the trial and until the jury returned its verdict. When the verdict was rendered and accepted by the court, Lic. Vélez moved the court, although according to his statements he followed instructions of Lic. Miranda, to allow defendant-appellant to continue at large under the same bond which he had furnished, until sentence should be pronounced against him. This buttresses the conclusion that the representation of the appellant by Lic. Vélez was not limited to the time of giving instructions. Otherwise, Lic. Vélez would not have represented the defendant as he did at the time when the court received the jury's verdict.

Appellant insists that he was devoid of legal representation at the critical moment in which one of the jurors requested an inspection. We do not agree with appellant that said instance was a critical moment of the trial and still less that the action of Lic. Vélez in refraining from giving or denying appellant's consent for the inspection constituted a violation of the constitutional clause of due process of law. The petition for inspection, even at that stage of the proceeding, was directed to the discretion of the judge. The granting of an inspection rests entirely on the discretion of the trial judge, not on the jury or the parties. *People* v.

*Goitía*, 41 P.R.R. 929; *People* v. *Beltrán*, 73 P.R.R. 466, and cases cited therein; *People* v. *Cruz*, 60 P.R.R. 112. Finally, the judge in the exercise of his discretion denied the petition for inspection on the basis that the same was unnecessary. Upon making said decision, the judge was not bound to hear any of the parties previously. Therefore, defendant was not being deprived of any right. It is argued, however, that first the judge left the prosecuting attorney and the defense free to decide of mutual accord whether the inspection should be made, and that in the decision of this important question the appellant had no legal assistance. There is no basis in the record to conclude that the inspection would have been made if the appellant had given his consent. The prosecuting attorney made no statements either way. At any rate the inspection did not take place. If it would have been beneficial to appellant, it is logical to assume that his attorney, Mr. Miranda, would have timely requested it. This assumption finds ample support in the fact that the whole record of the case reveals that Lic. Miranda defended and protected appellant's rights during the trial with ability and competency.

We agree with appellant that an accused is entitled to the aid of counsel during the whole trial. *Ex Parte Hernández Laureano*, 54 P.R.R. 396; *People* v. *Muriel*, 57 P.R.R. 896. In this last case the doctrine laid down in *Powell* v. *Alabama*, 287 U. S. 45,[6] was followed in the sense that representation by counsel must not be a mere legal formality. We can not agree, however, that appellant had no effective legal representation in the case at bar. He gave his express consent for Lic. Vélez, who had been representing the other co-defendant during all the stages of the trial, to continue representing him also. On the other hand, the incident regarding the petition for an inspection is not of such a nature that it violates the due process clause. We do not feel in-

---

[6] The doctrine of the *Powell* case was recently ratified by the Supreme Court of the United States in *Chandler* v. *Fretag*, 348 U.S. 3.

clined to stretch the constitutional guarantee to that extent. Cf. *Canizio* v. *New York*, 327 U. S. 82, *rehearing denied*, 327 U. S. 816; *Gallegos* v. *Nebraska*, 342 U. S. 55; *Martin* v. *United States*, 182 F. 2d 225; *In re Egan*, 149 P. 2d 693.

Since none of the errors assigned was committed, the judgment appealed from will be affirmed.